UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CIMATRON GIBBS LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PRO-JAY, INC. and JAVIER MEJIAS,<br><br>　　　　Defendants. | Civil Action No.<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cimatron Gibbs LLC ("GibbsCAM") brings this action against Pro-Jay, Inc. and Javier Mejias ("Defendants") for copyright infringement and violations of the Digital Millennium Copyright Act's ("DMCA") anti-circumvention prohibitions, and pleads the following:

### INTRODUCTION

1.　In August 2024, Defendant Javier Mejias began using a pirated version of the world-renowned GibbsCAM software, which he and possibly others used extensively at Pro-Jay facility. Pro-Jay used the pirated software on two separate computers. GibbsCAM is embedded with anti-piracy features with "call home" capabilities, so at some point after Defendants began using the pirated software, the GibbsCAM software called home from Pro-Jay's facility to GibbsCAM's servers identifying Pro-Jay as an unauthorized user. Without paying GibbsCAM for a license, Pro-Jay not only deprived GibbsCAM of its licensing fees, but it also allowed Pro-Jay to unfairly compete in the market against its competitors who pay GibbsCAM licensing fees. GibbsCAM therefore files this complaint seeking damages and injunctive relief arising out of these violations of its intellectual property rights.

2.　GibbsCAM is in the business of developing innovative solutions for manufacturing, toolmaking and CNC programming applications in the automotive, aerospace, consumer

1

electronics, toys, medical, optics and telecom industries. Among the software programs developed and licensed by GibbsCAM in connection with its business is software known simply as GibbsCAM, a cutting-edge computer-aided manufacturing ("CAM") system for programming CNC machine tools that can drive CNC milling, turning, mill-turn or wire EDM machines performing 2-axis turning and 2.5 axis milling, to 3-, 4- and 5-axis simultaneous and the most complex multi-spindle, multi-turret, multi-tasking and Swiss-style MTM machines. GibbsCAM is world renowned.

3. GibbsCAM is the owner of copyright in artistic and literary works comprising the source code and object code versions and associated user documentation of the GibbsCAM software suite (the "Copyrighted Works"). GibbsCAM releases regular updates and new versions of its software products, including the GibbsCAM software comprising the Copyrighted Works. The "Copyrighted Works" are protected by at least U.S. Copyright Registration No. TX0009400986.

4. GibbsCAM licenses its highly valuable GibbsCAM Software to its customers. GibbsCAM prevents unauthorized access of the GibbsCAM Software through the use of technological measures. GibbsCAM's license agreement, which all users see on their computer screens and to which all users must agree to in order to use the GibbsCAM Software, states the GibbsCAM Software may collect information to determine if modifications to certain code files have been made or if there is suspected or confirmed unauthorized access to or use of the GibbsCAM Software.

5. Defendant Pro-Jay specializes in custom aftermarket fuel injection systems for import drag racing. Neither Pro-Jay nor Defendant Mejias has a license to GibbsCAM.

6. Despite not having a license to GibbsCAM, Defendant Pro-Jay's president, Defendant Mejias, downloaded from an unknown website and used a pirated version of GibbsCam at least 40 times in or near Pro-Jay's facility. After learning of Defendants' unauthorized use in March 2025, GibbsCAM sent Mr. Mejias a cease-and-desist letter by FedEx, which he did not accept. The letter outlined Pro-Jay's use on two computers. Then, beginning again in April 2025 until the filing of this complaint, Mr. Mejias used his pirated GibbsCAM on yet a third computer. As described more fully below, Defendant Mejias' downloading and use of pirated GibbsCAM software constitutes direct copyright infringement and DMCA violations, and Defendant Pro-Jay committed vicarious and contributory copyright infringement and was unjustly enriched by Mejias' use of pirated GibbsCAM Software for its benefit. GibbsCAM files this suit to protect its valuable intellectual property rights.

## THE PARTIES

7. Cimatron Gibbs LLC is a California limited liability corporation with a principal place of business located at 2545 W. Hillcrest Dr. Suite 210, Thousand Oaks, CA 91320 USA. GibbsCAM does business in this district and throughout the State of New Jersey.

8. Pro-Jay, Inc. is a New Jersey corporation with a principal place of business located at 108 W Chestnut Ave, Vineland, NJ 08360. Pro-Jay does business in this district.

9. On information and belief, Javier Mejias is an individual domiciled in this district and the president of Defendant Pro-Jay.

## JURISDICTION AND VENUE

10. GibbsCAM brings its copyright infringement claims under 17 U.S.C. §§501 *et seq*. and its DMCA violation claim under 17 U.S.C. §§1201 *et seq*. This Court has original and

exclusive jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Venue and personal jurisdiction in this District are proper under 28 U.S.C. §§ 1391(b)-(c) and/or 28 U.S.C. § 1400(a). Pro-Jay is domiciled in this district and the piracy of GibbsCAM Software is believed to have occurred in this District. Javier Mejias is an individual domiciled in this District, and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## BACKGROUND FACTS

**A. How GibbsCAM Software is Legally Purchased and Operated**

12. GibbsCAM generally sells perpetual licenses and maintenance subscriptions to GibbsCAM Software. As long as a maintenance subscription is maintained, the customer has access to and may download updates and subsequent versions of the GibbsCAM Software, as well as associated user documentation.

13. To purchase a license to GibbsCAM Software, a customer must issue a purchase order to GibbsCAM or to an authorized reseller or sign an agreement. To download GibbsCAM Software from GibbsCAM, a customer must log in through their GibbsCAM account. Once GibbsCAM has obtained a signed contract or payment from the customer, the customer can log in to customer portal and download the executable files for the licensed GibbsCAM Software.

14. Once GibbsCAM has obtained a signed contract or payment from the customer, in a separate email, or through a download from the customer portal, GibbsCAM sends the customer a license key for the customer's copy of the purchased GibbsCAM Software. The license key is readable by the licensing tools that are integrated directly into the GibbsCAM Software and facilitates GibbsCAM Software license compliance for its products.

15. When a user installs an GibbsCAM Software program, and specifically when the user runs the executable files associated with the setup of an GibbsCAM Software program, a local copy of the GibbsCAM Software (the usable, object code version thereof) is created on the user's machine.

### B. Piracy of GibbsCAM Software

16. Piracy of software occurs when users download, access, and reproduce software for which they have not purchased a valid license. The ease of digital replication of software lends itself to illegal copying of software, where users may make multiple copies of a software program, and then distribute the copies to users who have not made a legal purchase of a license to the software (*i.e.*, either distributing copies of the software for free or selling the copies of the software at deeply discounted prices).

17. To reduce the use of illegally copied software, software providers, including GibbsCAM, implement license verification technology that will prevent the software from functioning unless the user has legally purchased a license. This license verification technology may be a software mechanism, or a physical mechanism attached to a single computer. The license verification technology may be in the form of either a license key (*i.e.*, a series of numbers and letters sometimes stored in a computer file) that a user types in or that the software reads from a file during the software installation or launch process, or a hardware device, where the software will only operate correctly when the hardware device is attached to the computer executing the software. The license verification technology and the license key are provided by the software provider to the buyer when the software is purchased legally. Users who have not made a legitimate purchase of a software license will not have access to the license key or hardware device provided by the software provider, and therefore the software will not function properly.

18.     Software hackers reverse engineer the technological measures used to control access to the software and then provide processes and utilities to bypass the license verification technology, thus allowing unauthorized use of the software.  The hackers' processes and utilities mimic the license verification technology (*e.g.*, keys, hardware devices, *etc.*) and allow pirated software to function as fully as legally purchased software.  Software utilities that mimic the license verification technology are often referred to as "cracked" licenses.  Software hackers may also create hacked versions of the software such that a license is not needed during installation.

19.     Sophisticated websites exist where illegally obtained software, the software utilities that mimic the license verification technology, and hacked versions of the software may be downloaded and installed by those who do not want to pay for properly licensed software.  Each hacked version of the software represents a lost sale and/or license for the company that owns the software and for resellers of the software (who may provide hardware installation and support, and software configuration, customization, and maintenance).

20.     Software that has been hacked or modified to use a cracked license may also contain malware that can damage computer systems, and/or infiltrate the computer network and the data on the network.  Software that has been hacked also may not operate properly, negatively impacting the reputation of the software company that now has no oversight or control over the quality of the hacked versions of its software in use or the products produced by that software.

21.     Pirated versions of the GibbsCAM Software cannot be downloaded and installed accidentally or innocently.  Rather, downloading and installing pirated GibbsCAM Software is a multi-step process that requires willful and deliberate action to circumvent technological measures that are put in place to deter and detect such conduct.

### C. Piracy Detection and Reporting Security Software

22. Piracy Detection and Reporting Security Software ("PDRSS") exists to identify instances of pirated software in use and provides the identity and location of organizations utilizing the pirated software to the software providers. Identification of pirated software allows the software providers to take legal action against intentional software piracy, notifying organizations and individuals of the illegal use of the software (and the potential malware problems that can accompany pirated software), and sell valid software licenses in the place of the previously illegally obtained software programs to recoup lost sales. GibbsCAM identifies pirated software in use through PDRSS which, along with the license verification technology, is a component of the technological measures used to control access to the software.

23. Software providers, such as GibbsCAM, embed the PDRSS within their software, validate the patterns and thresholds will trigger on pirated software.

24. Data reported from the embedded PDRSS generates a report that identifies, among other things, the software that has been pirated and the organizations utilizing the pirated software. Through the technological measures used to control access to the software, GibbsCAM collects this identifying information to determine when pirated and unlicensed versions of its GibbsCAM Software are being utilized.

### D. Defendants' Use of Pirated GibbsCAM Software

25. GibbsCAM collects a large volume of data through the use of PDRSS that must be reviewed, analyzed, and investigated to determine and confirm the source of the infringement. Through review, analysis, and investigation of the PDRSS data, GibbsCAM discovered that Defendants used unlicensed and pirated GibbsCAM Software, which included a list of specific IP addresses for each unauthorized installation, use, and reproduction.

26. Defendant Mejias committed direct copyright infringement and DMCA violations when he downloaded pirated GibbsCAM Software, circumvented technological measures protecting the software, and used the unlicensed GibbsCAM Software in Defendant Pro-Jay's business. Defendant Pro-Jay committed vicarious and contributory copyright infringement and was unjustly enriched by Mejias' use of pirated GibbsCAM Software for its benefit.

27. As a direct and proximate result of Defendants' acts of infringement, GibbsCAM has suffered damages and will continue to suffer damages through loss of substantial licensing revenue, and diminishment of the exclusivity, inherent value, and marketability of the GibbsCAM Software.

28. As a direct and proximate result of Defendants' acts of infringement, GibbsCAM has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

## THE INFRINGED COPYRIGHT

29. GibbsCAM Software is protected by U.S. copyright registrations.

30. GibbsCAM owns U.S. Copyright Registration No. TX0009400986, registered on May 31, 2024, to Cimatron Gibbs LLC and titled "GibbsCAM 2024" ("GibbsCAM Copyrighted Software"). Attached as Exhibit 1 is a true and correct printout from the U.S. Copyright Catalog for U.S. Copyright Reg. No. TX0009400986.

## COUNT 1

### DIRECT COPYRIGHT INFRINGEMENT OF
### U.S. COPYRIGHT REG. NO. TX0009400986
### (Defendant Javier Mejias)

31. GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and fully set forth here.

32. GibbsCAM owns U.S. Copyright Reg. No. TX0009400986, which covers GibbsCAM.

33. Defendant Mejias knowingly and intentionally used a pirated copy of GibbsCAM Copyrighted Software for months, beginning as early as May 2025. In doing so, Defendant Mejias willfully infringed U.S. Copyright Reg. No. TX0009400986 and will continue to do so unless enjoined by this Court.

34. As a direct and proximate result of Defendant Mejias' infringing acts, GibbsCAM has suffered and will continue to suffer injury and damages, including loss of substantial licensing revenue and diminishment of the exclusivity, inherent value, and marketability of the GibbsCAM Copyrighted Software. Unless such acts and practices are enjoined by the Court, GibbsCAM will continue to be injured in its business and property rights and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which GibbsCAM is entitled to relief.

35. Accordingly, Defendant Mejias has violated 17 U.S.C. § 501, and this violation is willful.

36. As a result of Defendant Mejias' infringement, GibbsCAM is entitled to actual damages and any additional profits of Defendant Mejias pursuant to 17 U.S.C. § 504(a)-(b) or statutory damages pursuant to 17 U.S.C. § 504(c).

37. GibbsCAM is entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

38. As a result of Defendant Mejias' infringement of GibbsCAM Copyrighted Software and its exclusive rights under copyright, GibbsCAM is also entitled to injunctive relief prohibiting Defendant Mejias from further infringing GibbsCAM's copyright.

## COUNT 2

### VICARIOUS COPYRIGHT INFRINGEMENT OF U.S. COPYRIGHT REG. NO. TX0009400986
### (Defendant Pro-Jay, Inc.)

39. GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and fully set forth here.

40. To show vicarious infringement, a plaintiff must prove that a defendant: (1) has a direct financial interest in the infringing activity; and (2) has the right and ability to supervise the activity which causes the infringement. Intent or knowledge of the infringement is not an element of a claim for vicarious liability.

41. Defendant Mejias downloaded and used a cracked copy of GibbsCAM Copyrighted Software for months, beginning as early as August 2024. Defendant Mejias' actions directly infringed GibbsCAM U.S. Copyright Reg. No. TX0009400986.

42. Defendant Mejias' infringing conduct consists of hours of active time using the GibbsCAM Copyrighted Software over various sessions. Defendant Mejias is the president of Defendant Pro-Jay.

43. Defendant Pro-Jay had a direct financial interest in Defendant Mejias' infringing use of GibbsCAM Copyrighted Software. On information and belief, Defendant Mejias illegally

used GibbsCAM Copyrighted Software for Defendant Pro-Jay.  Defendant Pro-Jay profited from its employee Mejias' direct infringement of U.S. Copyright Reg. No. TX0009400986.

44. Further, as its employee, Defendant Pro-Jay had the right and ability to supervise Defendant Mejias' direct infringement.  Defendant Pro-Jay had the right and ability to prevent its employee from using pirated software for work related purposes.  Defendant Pro-Jay failed to supervise Defendant Mejias.

45. Accordingly, Defendant Pro-Jay committed vicarious copyright infringement under 17 U.S.C. § 501.

46. As a result of the vicarious copyright infringement by Defendant Pro-Jay, GibbsCAM is entitled to actual damages and any additional profits of Pro-Jay pursuant to 17 U.S.C. § 504(a)-(b) or statutory damages pursuant to 17 U.S.C. § 504(c).

47. GibbsCAM is entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

48. As a result of Defendant Pro-Jay's infringement of GibbsCAM Copyrighted Software and its exclusive rights under copyright, GibbsCAM is also entitled to injunctive relief prohibiting Defendant Pro-Jay from further infringing GibbsCAM's copyright.

## COUNT 3

### CONTRIBUTORY COPYRIGHT INFRINGEMENT OF
### U.S. COPYRIGHT REG. NO. TX0009400986
### (Defendant Pro-Jay, Inc.)

49. GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and fully set forth here.

50. A defendant may be held liable for contributory copyright infringement if, with knowledge of the infringing activity, it materially contributes to the infringing conduct of another.

A claim for contributory infringement does not require a showing that the defendant intended to foster infringement. To establish a "material contribution" claim, a plaintiff must show that the defendant (1) had actual or constructive knowledge of the infringing activity, and (2) encouraged or assisted others' infringement, or provided machinery or goods that facilitated infringement.

51. Defendant Mejias downloaded and used a cracked copy of GibbsCAM Copyrighted Software for months, beginning as early as May 2025. Defendant Mejias' actions directly infringed GibbsCAM U.S. Copyright Reg. No. TX0009400986.

52. Defendant Mejias' hours of use of cracked GibbsCAM Copyrighted Software is consistent with use for an employer.

53. Pro-Jay had at least constructive – and likely actual – knowledge of Defendant Mejias' infringing activity based on the nature of the infringing conduct.

54. Accordingly, Defendant Pro-Jay committed contributory copyright infringement under 17 U.S.C. § 501.

55. As a result of Pro-Jay's contributory copyright infringement, GibbsCAM is entitled to actual damages and any additional profits of Defendant Pro-Jay pursuant to 17 U.S.C. § 504(a)-(b) or statutory damages pursuant to 17 U.S.C. § 504(c).

56. GibbsCAM is entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

57. As a result of Defendant Pro-Jay's contributory infringement of GibbsCAM Copyrighted Software and its exclusive rights under copyright, GibbsCAM is also entitled to injunctive relief prohibiting Defendant Pro-Jay from further infringing GibbsCAM's copyright.

## COUNT 4

### VIOLATIONS OF DMCA
### (Defendants Pro-Jay, Inc. and Javier Mejias)

58.     GibbsCAM incorporates the previous paragraphs of this Complaint by reference and realleges them as originally and full set forth here.

59.     GibbsCAM uses technological measures to control access to and copying of its GibbsCAM Copyrighted Software, and to prevent unauthorized access and unauthorized copying.

60.     On information and belief, Defendants Pro-Jay and Mejias defeated the technological measures used to control access to the software, which has allowed Defendants to access and copy the valuable GibbsCAM Copyrighted Software without authorization.

61.     Defendants' conduct has caused, and unless enjoined will continue to cause, irreparable harm to GibbsCAM, for example, through loss of substantial licensing revenue and diminishment of the exclusivity, inherent value, and marketability of GibbsCAM Copyrighted Software.

62.     Accordingly, Defendants have violated 17 U.S.C. § 1201 and this violation is willful.

63.     As a result of Defendants' unlawful circumvention, GibbsCAM is entitled to actual damages and any additional profits of Defendant Mejias pursuant to 17 U.S.C. § 1203(c)(2) or statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

64.     GibbsCAM is entitled to costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b).

### PRAYER FOR RELIEF

WHEREFORE, GibbsCAM respectfully asks this Court to summon each Defendant to appear and answer this Complaint, and after being heard on the merits, grant judgment in

favor of GibbsCAM as follows:

(a) Find Defendant Javier Mejias liable for direct copyright infringement of U.S. Copyright Reg. No. TX0009400986;

(b) Find Pro-Jay, Inc. liable for vicarious copyright infringement of U.S. Copyright Reg. No. TX0009400986;

(c) Find Pro-Jay, Inc. liable for contributory copyright infringement of U.S. Copyright Reg. No. TX0009400986;

(d) Find each Defendants' copyright infringement was willful and knowing;

(e) Enter a preliminary and permanent injunction prohibiting all Defendants, and their agents, servants, and employees, and all persons acting in concert with or for them, from continuing to reproduce, distribute, display, disseminate, transmit, make available for download, or otherwise use GibbsCAM Copyrighted Software in any manner whatsoever appropriating or in violation of copyright;

(f) Order all Defendants and their agents, servants, and employees, and all persons acting in concert with or for them, to destroy all copies of GibbsCAM Copyrighted Software that Defendants have used and/or downloaded onto any computer hard drive or server without authorization and to destroy copies of that downloaded software transferred onto any physical medium or device in Defendants' possession, custody, or control;

(g) Find Defendants Pro-Jay, Inc. and Javier Mejias liable for unlawful circumvention of technological measures used to control access to GibbsCAM Copyrighted Software in violation of the DMCA;

(h) Award GibbsCAM its actual damages and all Defendants' additional profits in an

amount to be determined at trial;

(i)   Award GibbsCAM statutory and other damages as provided under the Copyright Act and the DMCA;

(j)   Order an accounting of the use and/or download by each Defendant of GibbsCAM Copyrighted Software;

(k)   Order an accounting of any revenues or profits realized by or through each Defendants' use and/or download of GibbsCAM Copyrighted Software;

(l)   Award GibbsCAM prejudgment and post judgment interest;

(m)   Award GibbsCAM costs, attorneys' fees, and expenses arising from this suit; and

(n)   Grant GibbsCAM such other relief as this Court deems just and proper.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other pending action, arbitration, or administrative proceeding. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Dated: November 10, 2025

*/s/ Robert A. Magnanini*
Robert A. Magnanini
STONE & MAGNANINI LLP
400 Connell Drive, Suite 6200
Berkeley Heights, New Jersey 07922
Tel: (973) 218-1111
Fax: (973) 218-1106
rmagnanini@smcomplex.com

John F. Luman III*
Heath A. Novosad*
DANIELS & TREDENNICK PLLC

15

       6363 Woodway, Suite 700
       Houston, Texas 77057
       Tel: (713) 917-0024
       Fax: (713) 917-0026
       luman@dtlawyers.com
       Heath@dtlawyers.com
       **Pro Hac Vice applications forthcoming*

*Attorneys for Cimatron Gibbs LLC*